## Nelson Burch v. J. C. F. Hill.

The drawee being indebted to the drawer, the latter drew on the former, and afterwards, in a settlement between them, the drawee was credited with the amount of the draft, with interest to the settlement; the holder, afterwards, presented the same for payment, which was refused: *Held*, that the drawee was liable to the holder, in the same manner as if the money had been deposited with him, to meet the draft.

A petition, based on such facts, is not founded upon the draft, in the same manner as it would have been in the ordinary case of an accepted draft, and is properly maintained.

APPEAL from Bastrop. Tried below before the Hon. Alexander W. Terrell.

This was a suit brought by John C. F. Hill, against Nelson Burch, on the 7th of June, 1856, for $200, with legal interest, from the 7th day of April, 1855.

The petition alleged, that on the day and year last stated, James H. Stevens drew a draft upon the defendant, in favor of the plaintiff, for $200, payable at sight. That after the execution and delivery thereof to the plaintiff, Burch charged the same to Stevens, upon his store-book, and afterwards, in a settlement between Stevens and the defendant, the latter received

the full benefit of the draft; and, as stated in the words of the petition, "thereby acknowledging the correctness of said draft, and virtually accepting the same." The petition alleged, that notwithstanding the acceptance of said draft, by the said Burch, he wholly failed, and refused to pay the same, or any part thereof, although it was, and had been, due and owing to the petitioner, for a long time, to wit, for the space of fourteen months, to the petitioner's damage, &c.

The defendant filed a demurrer to the petition, which was over-ruled. Verdict and judgment for the plaintiff, with interest from the first day of June, 1856, to judgment, at eight per cent., making $237.33.

*Chandler & Turner,* for the appellant.

*Jones & Petty,* for the appellee.

BELL, J.—We are of opinion, that there is no error in the judgment of the court below. The petition stated all the facts upon which the liability of Burch depended. The facts in evidence showed very clearly, that Burch had been allowed a credit, in his settlement with Stevens, the drawer of the draft, for the amount of it; and also, interest from its date. Burch thereupon became liable to Hill, for the amount of the draft, in the same manner as if the money had been deposited with him, to be paid over to Hill. The draft was drawn payable at sight. The petition is not founded upon the draft, in the same manner as it would have been in the ordinary case of an accepted draft. It is true, that the petition alleges, that the facts amounted to an implied acceptance of the draft by Burch. But the facts are all set out in the petition, and we think the suit was properly maintained. The judgment of the court below is affirmed.

Judgment affirmed.